IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MACK HENRY LOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-117 |
| WILLIS OF TENNESSEE, INC.; | ) | |
| RALPH KEMP, Warden; JERRY SIKES, | ) | |
| Investigator; RON COLD, Unit Manager; | ) | |
| JOHN DOE, Warden of Security; | ) | |
| HUBERT MILLER; LAKEISH WRIGHT; | ) | |
| JAMES ROBINSON, Witness; ROSE | ) | |
| EDMOND; LEE ANN HAMILTON; | ) | |
| O. RODRIGUEZ; BRYANT ERIC; | ) | |
| TRACY WILLIAMS; and ERIC HARDEN, | ) | |
| | ) | |
| Defendants.[1] | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Macon State Prison ("MSP") in Oglethorpe, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Hubert Miller, Lakeish Wright, James Robinson, Rose Edmond, Lee Ann Hamilton, O. Rodriguez, Bryant Eric, Tracy Williams, and Eric Harden are all named as defendants. (See doc. no. 1, pp. 1, 4.)

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

**II.    DISCUSSION**

    **A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous: (1) Lott v. Barrett, 1:02-CV-141 (N.D. Ga. Feb. 19, 2002); (2) Lott v. Barrett, 1:01-CV-3471 (N.D. Ga. Mar. 5, 2002); and, (3) Lott v. Baldwin, 1:03-CV-2785 (N.D. Ga. Oct. 30, 2003). As these previous cases were dismissed as frivolous, they qualify as strikes under § 1915(g). Plaintiff has also filed at least three complaints that were dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. See Lott

v. Jackson, CV 508-016 (S.D. Ga. May 13, 2008); Lott v. Barrett, 1:04-CV-1631 (N.D. Ga. June 28, 2004); Lott v. Kemp, CV 313-002 (S.D. Ga. January 11, 2013). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, the only allegations Plaintiff makes that arguably involve being in danger concern an alleged incident of excessive use of force by prison officials, as well as one involving denial of medical treatment, (Doc. no. 1, pp. 5-6; doc. no. 1-1, p. 10) However, Plaintiff's allegations concern misconduct that allegedly took place at WCF, and he identifies multiple Defendants as officials and employees at WCF. (See doc. no. 1, pp. 4-5.) Notably, Plaintiff does not allege any continuing threat of harm concerning these events and, as Plaintiff is now incarcerated at MSP, any potential such threat has dissipated. In short, Plaintiff's allegations either concern past misconduct that occurred well before he filed his complaint in October of 2014 or are otherwise insufficient to show any imminent danger of serious physical injury at the time he commenced this suit. See Medberry, 185 F.3d at 1193. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

### C. Dismissal Is Also Warranted Because of Plaintiff's Dishonesty

The form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other lawsuits based on the same facts, (2) whether they have brought other federal lawsuits while incarcerated, and (3) whether any such suit in which they were allowed to proceed IFP was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff indicated that he had filed one previous case in the Superior Court of Wheeler County, Georgia, he had filed only one other federal case, and he had filed three federal cases where he was allowed to proceed IFP that were dismissed as frivolous, malicious, or for failure to state a claim. (See id. at 1-2.) However, Plaintiff fails to note four previous lawsuits he brought in federal court discussed *supra*, Section II.A. Notably, that is not an exhaustive list of undisclosed cases, and Plaintiff nowhere in his complaint or accompanying attachments discloses any other lawsuits. Thus, Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th

Cir. 2011) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044, 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006). Thus, in refusing to answer the questions concerning his filing history, Plaintiff acted with dishonesty, which provides another basis for dismissal of this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 10th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA